15-3969-cv
United States v. Fridman

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand sixteen.

PRESENT:   AMALYA L. KEARSE,
           RAYMOND J. LOHIER, JR.,
           CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
------------------------------------------------------------------

UNITED STATES OF AMERICA,

                        *Plaintiff-Appellee,*

                v.                                   No. 15-3969-cv

NATALIO FRIDMAN,

                        *Defendant-Appellant.*
------------------------------------------------------------------

FOR PLAINTIFF-APPELLEE:   JENNIFER JUDE, Assistant United States Attorney, (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:   RICHARD A. LEVINE, (Vivek A. Chandrasekhar, *on the brief*), Roberts & Holland LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is **VACATED AND REMANDED**.

Defendant-appellant Natalio Fridman appeals from the order of the United States District Court for the Southern District of New York (Marrero, J.) entered on November 25, 2015, granting an Internal Revenue Service ("IRS") petition to enforce summonses pursuant to the Internal Revenue Code, 26 U.S.C. §§ 7602 and 7604(a). As part of an investigation into Fridman's 2008 tax liability, the IRS issued two identical summonses (the "Summonses") seeking records related to Fridman's foreign financial accounts.   One summons was served on Fridman in his capacity as

2

trustee of a domestic trust (the "David Marcelo Trust") and the other was served on Fridman in his individual capacity. On appeal, Fridman asserts that the District Court erred in concluding: (1) that the Government satisfied its burden under United States v. Powell, 379 U.S. 48 (1964), to show that the Summonses seek documents that are relevant to the IRS's investigation; (2) that Fridman's invocation of his Fifth Amendment "act of production" privilege against self-incrimination was a blanket invocation insufficient to establish his entitlement to the privilege; (3) that, in any event, the requested documents were subject to the foregone conclusion doctrine, the required records doctrine, and the collective entity doctrine; and (4) that Fridman must appear for an interview by the IRS to provide testimony regarding documents produced in his representative capacity as trustee of the David Marcelo Trust. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

We conclude that the District Court did not err in determining that the Government satisfied its burden to show that the requested documents are relevant. To obtain enforcement of a summons, the IRS must establish that the inquiry "may be relevant to the purpose" of the agency's investigation. United States v. Clarke, 134 S. Ct. 2361, 2365 (2014) (quotation marks omitted). Under United States v.

*Powell*, 379 U.S. 48 (1964), the standard for showing relevance is "very low," *Adamowicz v. United States*, 531 F.3d 151, 158-59 (2d Cir. 2008), and the Government's burden is "minimal," *United States v. White*, 853 F.2d 107, 111 (2d Cir. 1988). The IRS may satisfy this burden by submitting a "simple affidavit" from an investigating agent. *Clarke*, 134 S. Ct at 2367. Here, the declaration submitted by Agent Kobayashi adequately supports the District Court's conclusion that the requested documents are relevant to the Government's investigation of whether Fridman accurately reported his income in 2008.

But we also conclude that the record is insufficiently developed to permit meaningful appellate review of the District Court's determination that the Fifth Amendment act of production privilege does not apply. There is, for example, no transcript of the proceeding held before the District Court during which Fridman asserted the act of production privilege. We are therefore unable to evaluate with confidence the accuracy of the District Court's description of that assertion as a "blanket" invocation. In the alternative, the District Court determined that "producing the documents responsive to the Summonses falls under the foregone conclusion doctrine, the collective entity doctrine, and/or the required records exceptions to the Fifth Amendment's protection." Joint App'x 107. But the District Court did not identify which of these exceptions apply to which document requests

4

or accounts. Nor did it determine whether any of these exceptions might apply for time periods narrower than the periods covered by the Summonses. See, e.g., In re Grand Jury Subpoena Dated Feb. 2, 2012, 741 F.3d 339, 342 (2d Cir. 2013) (applying the required records doctrine to documents covered by the Bank Secrecy Act under 31 C.F.R. § 1010.420, which requires foreign bank records to be held for only a period of five years).

On remand, through in camera review of documents if necessary, the District Court should: (1) provide a record sufficient for appellate review in determining whether Fridman properly invoked his Fifth Amendment act of production privilege; and (2) identify any applicable exceptions to the act of production privilege for each document request and determine the period of time for which the exception applies.[1]

For the foregoing reasons, the judgment of the District Court is **VACATED AND REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The District Court should evaluate whether the foregone conclusion exception applies in light of our decision in United States v. Greenfield, 831 F.3d 106 (2d Cir. 2016).